By the Court. Duer, J.
A chattel mortgage in all cases' *105 vests the legal title in the mortgagee, and where, by the terms of the instrument, he has the immediate right of possession, the property cannot be rightfully levied on and sold under an execution against the mortgagor, even when the possession has not, in fact, been changed. In these cases the mortgagee is, in judgment of law, the absolute owner. The mortgagor a mere bailee at sufferance. (Marsh v. Lawrence, 4 Cow. 469; Otis v. Wood, 3 Wend. 500; and McCracken v. Luce, cited in the opinion of the court; Bailey v. Burton, 8 Wend. 346; Mattison v. Baucus, 1 Comst. 295.)
On the other hand, where the mortgagor is entitled to the possession for a definite period, the weight of authority seems to be, that his possessory interest is a proper object of levy and sale, and without meaning to commit ourselves by a positive opinion, we shall assume, for the purposes of this decision, that such is the law.
In this case, Ivlichelin, the mortgagor, by an express clause in the mortgage, was to continue in the possession of the goods and chattels mortgaged, until- a default in the payment of the principal debt, and it was during the period that he was thus entitled to the possession, that the levy and sale, which are the subject of the complaint, were made. The mortgage had previously, however, been filed, and the sheriff had also express notice of its existence and terms, and the question is, whether thus charged with notice constructive and actual, he has not rendered himself liable in the present action, by his proceeding to sell and deliver to the purchaser, the entire property as that of the debtor. If he is liable, the other defendant, the judgment creditor, under whose direction and authority he acted, must be equally so. If the claim and rights of the plaintiff as mortgagee have been disregarded and violated, they are jointly liable as wrong-doers.
The question as to the liability of the sheriff, we believe, has not arisen in any case, in all its circumstances, similar to the present, but it has arisen and been determined in several cases so strictly analogous, that, in principle, they are not distinguishable.
The leading case is Wheeler v. McFarland, 10 Wend. 320. The plaintiff had a lien for advances made by him to the judg *106 ment debtor on the property levied on hy the sheriff, who had notice of the facts, but who, nevertheless, proceeded to take possession of, and advertise for sale, the whole of the property, as belonging absolutely to the debtor. The court held that by thus acting, he rendered himself liable as a trespasser ab imitio, so as to entitle the plaintiff to a recovery against him in an action of replevin. It is true that the lien of the plaintiff in this case was created by a pledge, and not by a mortgage, but as the interest of a pledgor is just as liable to be sold under an execution as the qualified interest of a mortgagor (2 E. S., p. 366, s. 20), we cannot perceive that this distinction detracts at all from the weight of the decision, as a relevant authority.
So the interest of a debtor, as a joint owner or partner, may undoubtedly be sold under an execution against him, but if the sheriff, having notice, proceeds to sell the entire property, thus jointly held, as that of the debtor, it is settled by many decisions that he becomes immediately liable to the other joint owners or partners, who are entitled to recover against him in a suitable action, the property itself, or its value. (Walsh v. Adams, 3 Denio, 125; Waddell v. Coit, 2 Hill, 49; Mellville v. Brown, 15 Mass. 82; White v. Phelps, 12 N. H. R. 182; Johnson v. Evans, 7 Mann & G. 240.)
These decisions, as it seems to us, can only be explained and justified upon the ground that,-whenever it is known to the sheriff, or he has reason to believe, that the interest of the judgment debtor in the property upon which he has levied, is special and limited, it is his duty to declare the fact, and by express words, confine the sale to such right, title and interest, as the debtor may really possess. It is this doctrine, therefore, that we must now consider as established, and so far from thinking that goods covered by a mortgage can be justly excepted from its operation, we are clearly of opinion that it is to the relation of mortgagor and mortgagee, that it applies with a peculiar force. A mortgagee of chattels is in all cases the real owner, and the mortgagor, when permitted to retain the possession, simply his bailee. (Bancroft v. Jones, 4 Comst. 509; Fuller v. Acker, 1 Hill, 473; Rogers v. Traders' Ins. Co. 6, p. 583.)
And, as we before intimated, we seriously doubt whether a *107 right of possession, which in its nature is strictly personal and incapable of transfer (for if a power of disposition is given to the mortgagor, the mortgage itself is fraudulent and void, 2 Oomst. 581), is a proper subject of levy and sale, under an execution, at all. Where fraud cannot be justly imputed, we see no reason why the rights and interests of a mortgagee ought not to be as carefully protected as those of a pledgee; and consequently, if a sale of goods and chattels, covered by a mortgage, is allowable at all under an execution against the mortgagor, it is evident that it ought to be so conducted as not to defeat, or in any degree impair, the remedy of the mortgagee. It should, therefore, comprehend the entire property as a single lot, be limited to the right and interest of the defendant, and be expressly subject to all the terms and conditions of his prior conveyance.
It is said, that when the property levied upon is in the possession of the mortgagor, the sheriff is not bound to inquire and determine whether the mortgage is valid or not—-in other words, he has a right to be silent, and cast the risk upon the purchaser. The reply is, that the duty of the sheriff to inquire and determine whether the defendant is an absolute owner, or has only a special and limited interest, is exactly the same, in the case of a mortgage as in that of a pledge or of a partnership—a pledge may be a cover for fraud, as well as a mortgage —the asserted partnership may not exist, or may not embrace the goods in question. The sheriff, however, in proclaiming the fact that a title is asserted by a third person, to which that of the defendant in the execution is subordinate, and in selling the property subject to this claim, determines nothing as to its validity—he merely pursues the course which the law judges to be necessary for the protection of rights and interests, which might otherwise be sacrificed or endangered; he cannot say that a mortgage duly tiled is a valid security, but he cannot treat it as not existing. He has no right to say that it is invalid by selling the property which it embraces, as belonging absolutely to the judgment debtor—it is at his own peril that he thus conducts the sale. As embracing a denial of the title of the mortgagee, it is an invasion of his rights, for which the law gives him an appropriate remedy. When the mortgage is valid, *108 the sheriff is as much a trespasser and wrong-doer as if the judgment debtor had no interest in the property at all.
There is no force in the objection that the property is still subject to the mortgage, and as such, may be even now seized and sold by the sheriff. - In all cases where goods are wrongfully sold, the owner has an election to reclaim the property from the hands of the purchaser, or recover its value from the tortious vendor. If the sale made by the defendant was unlawful, we see no reason for denying this election to the plaintiff.
The result is, that the defendants must be answerable in damages to the full extent of the sum for which judgment has been rendered against them, unless the title of the plaintiff as mortgagee can be’ successfully impeached. If the mortgage, as has been contended, was upon its face fraudulent and void as against creditors, or was rendered so by the continued possession of the mortgagor, the property which it embraced was rightly sold under the execution, as belonging exclusively to the debtor. It is evident, from the fact that an indemnity was required and given, that it was upon the ground that the mortgage was wholly void, that the sale proceeded, and it is upon this ground alone that it can be justified. That the mortgage was founded upon a full and valuable consideration was clearly proved, and is not denied, but it is insisted that it was rendered void as against creditors by the provision which it contains, that until default in the payment of the moneys meant to be secured, the “ mortgagor should remain and continue in the quiet and peaceable possession of the goods and chattels which it embraced, and in the full and free enjoyment of the same.” The objection is founded upon the interpretation given by the counsel for the defendants to S,l, Tit. 2, of the Statute of Frauds (2R.S., p. 135), which declares that “ every conveyance, transfer, or assignment of goods and chattels, in trust for the use of the person making the same, shall be void, as against his creditors existing or subsequent;” but the learned counsel, we think, greatly erred in assuming that the stipulation to which he objected created a trust in favor of the mortgagor, within the meaning of the statute. Such a construction may very reasonably be given to 'a provision which not merely gives to the mortgagor for a time the right of possession, but authorizes him *109 to deal with the property, during that period, as an absolute owner, nor have we any difficulty in assenting to the decisions in which, in such cases," this construction has been adopted (Wood v. Lowry, 17 Wend. 492; Griswold v. Sheddon, 4 Comst. 582; Spies v. Boyd, 11 Leg. Obs. 54). bn Such a case, it may be justly regarded as the established law. But when the provision is limited to the personal use and enjoyment of the property by the mortgagor, that it created no trust affecting the validity of the mortgage, was, in our judgment, expressly decided by the Court of Errors in Smith v. Acker (23 Wend. 653), and is a necessary inference from the opinions delivered in the Court of Appeals in the recent case of Griswold v. Sheddon.
The objection arising from the actual possession 'of the mortgagor will be disposed of in a few words. In this court it has uniformly been held that the continued possession of a mortgagor, when consistent with the terms of the mortgage, and limited to endure only until a default in payment, where the mortgage has been duly filed, is not even presumptive evidence of a fraudulent intent, nor are we aware that until the adoption of the Revised Statutes, it has ever been doubted that such was the established law, in this State, as well as in England. The immediate delivery of the possession is indeed essential to the validity of a pledge ; and its omission, where there is an absolute sale, as inconsistent with the nature of the contract, may be justly held to raise a presumption of fraud. But the main object of a mortgage, as distinguished from a pledge, is to enable the debtor to retain the possession and enjoyment of the property, so long as he fulfils the conditions of the contract, and this is just as true of a mortgage of chattels as of lands, nor can we believe that the Revised Statutes meant to abolish so important and vital a distinction—we cannot believe that it was the intention of the Legislature, in effect, to convert every chattel mortgage into a pledge. As the danger of fraud is now effectually guarded against by requiring every such mortgage to be filed (Laws of 1833, chap. 299), we are not at all disposed to favor a doctrine which is not only clearly opposed to the general understanding of those engaged in business, but plainly repugnant to their interest and convenience.
*110 It is not necessary, however, to insist upon these views in the present case, nor to explain more fully the reasons which have led "us to adopt them. Let it be admitted that the act of 1833, requiring a chattel mortgage to be filed, as notice to creditors and purchasers, has not repealed these provisions in the Revised Statutes, upon which the argument is founded (2 R. S., s. 5, p. 136), and that, according to the literal construction of those provisions which the Supreme Court has adopted, an immediate delivery of the property, followed by an actual and continual change of its possession, is just as necessary in the case of a mortgage as of an absolute sale. When there is no such change of possession, it is only a presumption of fraud that is raised, and this presumption, by the express words of the statute, may be repelled by evidence that the mortgage was made “ in good faith, and without any intent to defraud creditors or purchaser.” This question, it is now settled,, is a question, not of law but of fact, and hence the finding of the judge, by whom alone this cause was tried, must have the same effect as that of a jury. He has decided, as á question of fact, that there was no fraudulent intent, and as the case is now before us solely upon exceptions of law, we are as much concluded by his decision as we should have been by the verdict of a jury.
The judgment at special term must therefore be affirmed with costs.