Bosworth, J.
The complaint alleged that the defendants wrongfully and forcibly took the goods from the possession of the plaintiff; that they were worth $237, and prayed judgment that they be restored; and for $100 damages for the detention thereof. It stated a cause of action. The answer put these allegations at issue. Jones also alleged that he was a constable, and, as such, took them on an execution in favor of Van Bauer v. Speilman & Kitz, and from their possession, and that the goods were their property.
It was, of course, competent for the plaintiff to rebut any evidence which tended to show that the goods were the property of Speilman & Kitz, by proving, if he could, that they were not the property of either, but were his own property. Alleging that he was in possession of them when they were taken, was stating a fact which imported, prima facie, that they were his property. There was no error in admitting evidence to show them his property. The question, of property was raised by the answer, and the Code put it at issue.
*506 The mortgage was dated the 20th of November, 1854, and was filed on the same or the next day. The plaintiff demanded payment, and took possession on the 2d of December, 1854, and continued in possession, selling the goods on his own account, until the levy of the 7th of December, 1854.
The jury found for the plaintiff; and, of course, found that the mortgage was made in'good faith, and without any intent to defraud the creditors of the mortgagors.
Unless the court erred in refusing to nonsuit the plaintiff, judgment should be entered on the verdict. Leave was given at the trial to the defendant Jones, “to make a case on the question, whether a nonsuit or motion to dismiss the complaint should have been granted, with leave to the court to order a nonsuit if of opinion that such nonsuit should have been granted, and to be heard at the General Term in the first instance.” An exception had been taken to the refusal of the Judge to nonsuit. He might lawfully order that exception to be first heard at the General Term. He did so order; and that is the only question sent by his order to the General Term.
He was asked to nonsuit, on “ the grounds that the mortgagors were shown to have trafficked in, or prosecuted business with, the mortgaged property, as their stock in trade, between the date of the mortgage and its forfeiture, when the plaintiff took possession, the 1st or 2d day of December, 1854, and that the mortgage was, therefore, void as against the judgment referred to in the answer, and the process issued to enforce it, and so void as against the defendants. The court overruled the motion; and to its decision in that behalf, the defendants’ counsel then and there excepted.
I think the court was right in refusing to nonsuit, for several reasons.
1st. It was not then shown that Van Bauer was a creditor of the mortgagors.
2d. It did not appear that they had any creditors, either then or when the mortgage was given, except the mortgagee.
3d. If Van Bauer’s judgment had then been proved, the case does not show for what it was recovered, and if for a demand against the mortgagors, that it existed before the mortgagee reduced the property to his possession.
All the evidence there is as to the mortgagors having trafficked *507 with the property was given by Johnson. He says, '“ after the mortgage was given, I remained there and conducted the business” until the 1st or 2d of December, when Williston demanded payment, took possession of the goods, and the key of the store. On cross-examination he said: “Between the 20th of November and 1st or 2d of December, 1854, the store was open, and the goods being sold out. I think I sold goods embraced in the mortgage between November 20th and December 1st or 2d; the goods were there for sale just as they were before the mortgage was given, and I would sell to all who would purchase; I sold goods, but don’t recollect the amount of sales.”
A jury, from this, and other evidence, might find that the sales were made with the knowledge and assent of the mortgagee, and the moneys used at the pleasure of the mortgagors.
If so, the mortgage would be void. But they might find that the sales were not anticipated by, or assented to, by the mortgagee, or if anticipated, that he expected the proceeds to be applied upon the debt secured by the mortgage. If so, I do not understand that the mortgage is necessarily, and, at all events, fraudulent.
C If it had been made to appear that, “ upon the giving of the mortgage, the mortgagors were permitted, by the assent of the mortgagee, to continue to sell the goods by retail, at their discretion and for their own use,” the mortgage would be fraudulent. (3 Kern. 583, 584.) J This was not so clearly proved that a jury might not have found to the contrary. The sales were during a very few days only. Actual knowledge that such sales were being made, and that, too, for the use of the mortgagors, was not directly proved. It does not appear from the case, that the mortgage authorized the mortgagors to continue in possession. I think, therefore, that when the nonsuit was moved, neither defendant was in a position to question the lona fieles of the mortgage, and the motion was properly denied.
That, after proving the judgment and execution, the question of fraud was one for the jury, under proper instructions from the court. The instructions do not appear, and must be assumed to have been correct. The motion for a nonsuit was not renewed after Jones had proved the judgment and execution.
The plaintiff should have judgment on the verdict.
*508 Hoffman, J.
There is no exception to the charge, and it is to be assumed it left the law properly to the jury. The finding, then, negatives the supposition of fraud in the transaction.
What error of law has been in other respects committed ?
1st. The defendants insisted that the complaint should nave been dismissed, because the mortgagors prosecuted the business, and sold part of the goods from the date of the mortgage, November 24, to the date of the possession, the 2d of December; that this constituted absolute fraud in the law. The fact of such sales being made, and just as they were made before the mortgage, is fully proven. It is not expressly stated, but the inference may well be drawn, that the mortgagors received the avails.
That inference is not, however, a necessary one. A jury might, perhaps, have found the other way, that the sales were made in the expectation and under an agreement, that the proceeds should go to the mortgagee to reduce the debt.
It is the established rule in this court, adopted after considering the cases in the court of errors and Supreme Court upon that vexed question, that, in the case of mortgages, the retention of possession before the debt becomes due, and under a clause to that effect, is not of itself a proof of fraud. It is consistent with the import of the instrument. It is a question for the jury. (Hull v. Carnley, 2 Duer, 109.)
The same rule was recognized in Swift v. Hart, (12 Barb. 531,) which I refer to, because the same court decided it, and the case of Edgell v. Hart, next noticed.
In Edgell v. Hart, (13 Barb. 386,) the mortgage was of goods of a retail grocer, constituting his stock in trade. It was dated the 6th of August, 1849. Levies had been made under executions issued the 4th of October, 1849. Apparently, the judgments were of the 2d of October, but it was in evidence that the debt, at least to one of the plaintiffs in the judgment, was incurred in the spring of 1849. The mortgagee brought his action for the goods taken under the executions.
The mortgage contained the usual clause as to remaining in possession until default.
There was a schedule annexed to it, of the goods, and at the end of that was a clause declaring, “ that if any of the goods were sold upon credit, that shall be sufficient cause of forfeiture, *509 and entitle said Edgell to treat the same accordingly at his election.” A prior clause forbade the mortgagor expressly to sell any of the goods on credit.
The Judge at the trial denied a nonsuit, and left the question of fraud for the jury. After argument on a case at Special Term, judgment was entered for the plaintiff.
On appeal, the court held, that if the question had depended upon the mortgage alone, aside from the schedule, and the provision at its end, the nonsuit would have been properly refused,
But taking the two together, it was to be deduced, that the mortgagor was at liberty to sell the goods, provided he sold for ready pay, and not upon credit, and might sell upon credit if the mortgagee, did not object to it. The transaction, then, as it appeared on the face of the papers, could not be sustained.
The court, (Justice Welles delivering-the opinion,) cite and rely upon Wood v. Lowry, (17 Wend. 492,) and determine that Hoe v. Archer, (23 Wend. 653,) has not impaired the face of that authority.
The judgment was reversed, and a new trial ordered.
This decision was affirmed in the Court of Appeals. (Selden’s Notes of Cases, December, 1853.) The note is very inaccurate as to. the history of the case. But the judgment was affirmed, the court holding, that the mortgage was void, and that there was no question to be submitted to the jury respecting it.
We have not any other report of the case in the Court of Appeals, but in Ford v. Williams, (3 Kernan, 583,) Denio, Ch. J., says: “ This court has decided that where, upon the giving of a chattel mortgage on the stock of goods in a store, the mortgagor is permitted, by the assent of the mortgagee, to continue to sell them by retail, at his discretion, for his own use, as he had done before, the mortgage is fraudulent and void as against the creditors of the mortgagor, Edgell v. Hart, December Term, 1853.”
He then proceeds to state, that in the case then before the court, the Judge had charged, in effect, in accordance with that rule; but the case was distinguishable because there was testimony going to show that the mortgagor was to sell for cash, and apply the proceeds to the debt of the mortgagee, and that he did so apply them.
The differences between the present and the cases cited are *510 these. In Edgell v. Hart, the instrument itself proved the fraudulent intent. Evidence could not displace the conclusion from it. Here the continued selling was a fact, with others, for the jury to consider. In Ford v. Williams, the mortgagee had never taken possession. The execution found the property in the hands of the mortgagor. The continuance of possession was very long; in one of the cases, about a year; here it was only eight days. We have here, also, a verdict against the existence of fraud in fact.
Another important question arises in the case, Was the title of the plaintiff, to the goods seized, void as to those particular'judgment creditors ? If it was not, then the seizure by the constable was unwarranted.
They obtained judgment in the Marine Court, on the 7th of December, 1854. On the 2d of that month, the plaintiff had taken full possession under his mortgage. There is nothing in the case to show when the debt to Speilman & Kitz was incurred.
The 5th section of the act (2 Revised Statutes, 136) is the important one upon which these questions depend. It declares fraudulent transfers not accompanied with delivery of possession, etc., against the creditors of the party. By the 6th section, the term “ creditors,” as used in the section, “ shall be construed to include all persons who shall be creditors of the vendor or assignor, at any time while such goods and chattels shall remain in his possession, or under his control.”
Such was the case of Fiedler v. Day, (2 Sand. S. C. R., 594,) cited by counsel. The creditors’ demand arose while the goods in question remained in the possession of the mortgagor.
The principle here is, that, continuing to uphold a fraudulent assignment is, as to subsequent creditors, precisely the same as creating it was to prior ones. The chief badge of fraud is the retention of possession, and a creditor who becomes such while this subsists, is equally defrauded, as if he were such at the date of the nominal transfer.
I once had occasion to consider the doctrine of the common law, prior to the statute of Elizabeth, (Chap. 13,) upon the subject of fraud in transfers of property. I examined in the Year Books all the cases collected in the cases of Eitzherbert and Brookes, which Mr. Reeves terms their substitutes^ They could all be classed under the following heads:
*511 1st. Where there had been a covenous alienation between judgment and execution. 2d. After action commenced, and before judgment. 3d. Before action, but in fraud of an existing right; and there was a subdivision under this head of cases arising under the Sanctuary Acts.
So the law was stated in Sommes’ case, and in Upton v. Bassett, (Croke Eliz. 445,) that the common law only set aside conveyances fraudulent against him who had a former right, debt, or demand; but he who had a right more puisne could not avoid a gift or estate precedent, at the common law.
. The rule in a Court of Chancery, to let in subsequent creditors in setting aside a conveyance through the instrumentality of prior creditors, or by reason of an existing indebtedness, is also a proof of this doctrine.
The case then appears to come to this. The assignment is found by the jury as not fraudulent in fact, at least, that is the legal import of the verdict. Upon the question of fraud in law, it may probably be distinguished from the cases in the Court of Appeals which have been cited, by reason of those assignments containing on their face the proof of fraud. Here the fact of sales was, like other facts, to go to the jury. But lastly, if the cases are not distinguishable, then the parties under whom the defendant justifies, do not appear to have been creditors when “the property was in the possession or under the control of the debtor.”
It remains to be considered whether the defendants can be allowed now to produce the judgment record of the case in the Marine Court, which he offered on the hearing at General Term. It is proffered to show that the debt, in fact, existed before the 2d of December.
I do not see why a party who has had fall time to make out his case, and has omitted it, without surprise, should be given this indulgence at the hearing on appeal. Their equities, as creditors, appear to be equal.
Judgment for plaintiff on the verdict.