CHARLES KOSTER vs. CALEB W. MERRITT, JR., AND ANOTHER.

It is well settled as the law of the state of New York that retention of possession by a vendor is only evidence of fraud, to be considered upon the question of fact as to whether fraud exists, and does not render the sale fraudulent *per se*.

The rule of *lex loci contractûs* applies not merely to the construction of a contract, but to the effect of the conduct of the parties as bearing on its validity; and where therefore such conduct would be held in another state to be only evidence tending to prove a fraudulent retention or trust, it will be so regarded in this state in determining the validity of a sale made in such other state.

Where a vessel owned in this state was sold in the city of New York, it was held to be no objection to the validity of the sale that it was made in view of insolvency and to give a preference to a particular creditor, so long as these facts did not render it invalid by the laws of New York.

TRESPASS for taking a sloop. Defence, that it was attached by the defendants as the property of the plaintiff's vendors. Tried in the superior court, on an issue closed to the court, before *Carpenter, J.* Judgment for the plaintiff and motion for a new trial by the defendants. The case is sufficiently stated in the opinion.

*Ferris* and *Curtis*, in support of the motion.

*Hawley*, contra.

DUTTON, J. It appears from the record in this case, that Hubbard & Dayton of Greenwich, in this state, who were

the owners of a sloop, which they had run between Greenwich and New York, sold it in New York to the plaintiff, a resident of New York, for its full value, part of the consideration being a debt which they owed the plaintiff, and the residue the assumption by the plaintiff of certain debts due from Hubbard & Dayton. The plaintiff took formal possession of the sloop, but immediately engaged Hubbard, who had been acting as her captain, to remain in the same situation, notified the crew of the purchase, and employed them to act under Hubbard as the captain. There were other facts in the case from which an inference could be drawn that the possession was retained by the vendors, but the view which we have taken of the law applicable to the case renders it unnecessary to particularize them. Soon after the sale the vessel proceeded to Greenwich, where it was attached by the defendant, Merritt, a creditor of Hubbard & Dayton, as their property. Thereupon the plaintiff brought this suit, which was tried to the court. The principal point made by the defendants was, that the court ought to decide, from the admitted fact of possession by the vendors, that the sale was in law fraudulent and void as against creditors. The court did not so decide, but received proof of the facts only as evidence of fraud. There were certain facts disclosed by the proof, which the defendants claimed furnished evidence of a secret trust in favor of the vendors, and they called upon the court on this ground also to pronounce the sale fraudulent in law. But the court regarded the proof of these facts also as only evidence of fraud, and on the whole evidence in the case found that the sale was valid. We are now called upon to say whether these rulings were erroneous.

If this sale had taken place in Connecticut, we should have found it difficult, if not impossible, to distinguish this case from the case of *Webster* v. *Peck*, 31 Conn., 495. We are not disposed to depart at all from the salutary doctrine contained in that case, and we think it is a matter of regret that the same rule has not been uniformly adopted in all as it has been in some of the other states. But this sale was made in New York, and we think the contract must be governed in its con-

struction and effect by the law of that state. It is now well settled by the decisions of the courts of New York that such circumstances of the retention of the possession by the vendor as existed in this case, and such other circumstances as tended to show a secret trust, are only evidence of fraud, and do not authorize the court to pronounce the sale fraudulent *per se.* *Hamill* v. *Willett,* 6 Bosw., 533 ; *Allen* v. *Cowan,* 28 Barb., 99 ; *Williston* v. *Jones,* 6 Duer, 504. The superior court, in the place of a jury, tried the question of fact, which it appears is in New York the question to be tried in such cases, and we can not reverse its decision.

It has been strongly urged that the *lex loci contractus* does not apply to such a case as this ; that that doctrine is only applicable where the construction or validity of a contract, considered by itself, is in question ; but that the point made here is, whether proof of facts occurring after the contract is complete can be admitted, and what effect is to be given to such evidence;—that this question is one which each court must determine for itself, to regulate its own action, and that for this purpose the same rules should in all cases be adopted, without reference to the locality of the transaction. It must be acknowledged that this presentation of the question has much plausibility, but we think it ought not to prevail. The principle which lies at the foundation of the *lex loci,* applies with full force to such a case as this. That principle is, that men ought to be safe from civil loss, and from criminal liability, if they conform to the law of the place where their acts are done. An act to be punishable as an offence must be a crime where it is performed. A person who is about to enter into a contract ought to have an opportunity to take legal advice. This privilege he would be in a great measure deprived of, unless he can apply to members of the legal profession in the place where the contract is to be made, and they would naturally instruct him in that law with which they are familiar. If the plaintiff in the present case had sought for legal aid, he would have consulted counsellors of the city of New York, and their advice would have corresponded with the decision of the superior court. The *lex loci* is peculiarly applicable to cases

where the policy of the law pronounces contracts good or bad, and it is not easy to discover any distinction between contracts declared on this account void *per se*, and contracts pronounced void by reason of the subsequent conduct of the parties. The policy of the law in Connecticut renders a sale of a chattel, where the possession is retained by the vendor, unless some legal reason is shown for it, absolutely void as against creditors. The policy of the law of New York declares it not absolutely void, but open to explanation as a matter of fact. A contract made in either of those states would naturally be made with reference to the law of the place, not only as to the terms of the contract, but as to the conduct of the parties. In *Hale* v. *The New Jersey Steam Navigation Co.*, 15 Conn., 539, the question was, whether evidence could be received to show that the common carrier had given notice to a bailor that he would not be responsible for losses by accidents of a particular description. This court decided that such evidence could not be admitted regarding a bailment in New York, because it understood the law of New York to be, although it has since been held otherwise, that such evidence on grounds of public policy could not be received. This court in that case recognized the soundness of the principle that every nation has a right to determine its own public policy, and that acts done in conformity with it ought not to be questioned elsewhere.

Another ground taken by the defendants was, that the sale was void as against creditors, under the provisions of the insolvent law of this state. The court found as a fact that Hubbard & Dayton made the sale with a view to insolvency, and to prevent the vessel from being attached by their creditors, but that the plaintiff bought the vessel in good faith, without knowledge of their intent.

We are again relieved from an examination of this question by the fact that the sale was made in New York. The case of *Mead* v. *Dayton*, 28 Conn., 33, is decisive that such a sale is not affected by the provisions of our insolvent law.

Lastly, it was contended, that as it appears that the registry of the vessel was made by the plaintiff in the district of New

York, and not in the district of Connecticut, the registry was void and the vessel liable to be attached. We do not consider it necessary to inquire in which district the registry ought to have been made. The law of Congress is in these words:—"No bill of sale, mortgage, hypothecation, or conveyance of any vessel or part of a vessel of the United States, shall be valid against any person other than the grantor or mortgagor, his heirs, devisees, and persons having actual notice thereof, unless such bill of sale, mortgage, hypothecation or conveyance be recorded in the office of the collector of the customs where such vessel is registered or enrolled." Brightly's Dig., 833, § 44. It appears in this case that the creditor before he attached had actual notice of the sale, and consequently the necessity of recording is excepted by the terms of the law itself. ·

We do not advise a new trial.

In this opinion the other judges concurred.