By the Court,

Bronson, J.
The point raised on the argument by the counsel for the plaintiffs, that the judgment under which the property was sold had been previously satisfied, was not made on the trial, and can not therefore be considered on this motion.
The question whether Horner promised to give time to Kellogg and not to issue execution, was submitted to the jury under instructions from the judge, of which the plaintiffs do not complain. It is alleged that their verdict on this point is against the weight of evidence.
Kellogg was not the agent or servant of the plaintiffs to sell the goods and account to1,them for the proceeds, but was avowedly in busi- [495] ness for himself. He had the possession of the property, with full authority, by the express assent of the plaintiffs, to sell and dispose of it at his pleasure, and to deal with it in all respects as other merchants did with their merchandise. It is true that Kellogg said he would remit to the plaintiffs the avails of such property as he should sell before the first of June; but this was mere matter of confidence between the parties—it was no part of the contract under which the plaintiffs make title. The property was not left with Kellogg, to be kept until the debt was paid or the plaintiffs should call for it, but he had it for the purpose of trading with it, and making profits from the sale of it. When sold, the fruits were his own, except that, like every other debtor, he was under an obligation to satisfy the demands of his creditors. He treated the property as his own. It is impossible to say that the plaintiffs had any legal claim to it as against the creditors of Kellogg or purchasers under him. No mortgage or bill of sale was ever upheld under such circumstances. No one will pretend for a moment that the plaintiffs could maintain a claim to those goods which Kellogg sold to his customers, and yet an execution creditor has the same right as a bona fide purchaser. The statute places both on the same footing (1 R. S. 136, §5). The rule was the same under the former statute (Divver v. McLaughlin, 2 Wendell, 596). Instead of leaving the matter to the jury, as a question of fact for their determination, the judge would have been well warranted in instructing them that the transaction was fraudulent and void in law, and that the defendants were entitled to a verdict in their favor.
y/ If there had been no objection to this bill of sale and mortgage but continued possession in the vendor, that alone would have rendered the transaction fraudulent and void as against creditors and purchasers (Doane v. Eddy, 16 Wendell, 523; Randall v. Cook, ante, 53).
The act of 1833, Laws of 1833, p. 402, can not aid the plaintiffs. The first section provides, that every mortgage of goods and chattels, which shall not be followed by a continued change of possession, “ shall be absolutely void” as against creditors and purchasers, “Unless the [496] mortgage or a true copy thereof shall be filed as directed in the succeeding section.” This does not repeal the statute concerning fraudulent conveyances. It only adds another to the grounds on which a mortgage of personal chattels shall be void. If the plaintiffs had omitted to file their mortgage, it would for that cause have been “ absolutely void.” If it was before void on another ground, filing it could not make it valid.
New trial denied.