DODDS v. JOHNSON, Sheriff, etc., appellant.

*Chattel mortgage — interest of mortgagor after default — license to mortgagor to sell mortgaged property — Evidence.*

Plaintiff held a chattel mortgage on property in the possession of J., to secure an indebtedness then due. Defendant, a sheriff, seized and sold such property under an execution against J. In an action for damages for such seizure the complaint alleged that plaintiff was owner of the property. *Held,* that plaintiff was the legal owner of the property, and under the

allegation in the complaint of ownership, the chattel mortgage and other evidence was admissible to show plaintiff's right of possession.

The holder of a chattel mortgage gave the mortgagor in possession a license to sell a portion of the property from time to time, and convert the proceeds to his own use. *Held*, that such license rendered the mortgage void as against creditors as to the entire mortgaged property, and this whether such license was included in the mortgage or was a separate agreement.

APPEAL from a judgment in favor of plaintiff, entered upon the verdict of a jury, at the Jefferson circuit, in September, 1872. The action was brought against the defendant, James Johnson, to recover the value of certain goods levied upon and sold by him as sheriff of Jefferson county. The facts sufficiently appear· in the opinion.

*P. C. Williams,* for appellant.

*Myers & Morris,* for respondent.

MULLIN, P. J. John Dodds, on the 27th of April, 1869, executed and delivered to his father, Michael Dodds, the plaintiff in this action, a chattel mortgage upon liquors and furniture in the hotel kept by him at the Oxbow in said county, together with wood in the wood-house belonging to said hotel, and ice in the ice-house.

The mortgage was given to secure the plaintiff for certain debts of the mortgagor, which said plaintiff had paid or became liable to pay. There were three notes held by Brandy, Reynolds & Co., amounting to $375, a note given to William Hall, on which there was due, at the date of the mortgage, about $142, and $200 owing to Merkwick & Laidlow, which was then due.

The mortgage does not in terms give to the mortgagee any right of possession, but it provides that if the mortgagor does not pay said debts and hold said mortgagee harmless, he may take possession and sell, as he may do when he feels himself insecure. The mortgage was filed May 1, 1869. The mortgagee authorized the mortgagor, after the mortgage was given, to sell the liquor, and to use or sell the wood and ice, and the mortgagee knew that the mortgagor was selling the liquor and using and selling the wood, and that he used the proceeds in his business.

The defendant, by virtue of an execution issued on a judgment, recovered by George C. Burdett and others against the mortgagor,

seized a large share of the property covered by said mortgage and sold the same, and for such seizure and sale the plaintiff brings this action.

The mortgage covers eighteen beds, bedsteads and bedding. The sheriff levied on and sold bed-ticks, bedsteads, mattresses, sixty-five pounds of geese feathers and a quantity of hens' feathers. The property levied upon was sold in one parcel by the sheriff.

On the trial the defendant objected to the introduction of the mortgage, and any other evidence for the purpose of showing possession or the right to the possession of the mortgaged property in the plaintiff. This objection was overruled and defendant's counsel excepted. The same objection was renewed when the plaintiff proposed to prove a levy by defendant's deputy, and there was the same objection, ruling and exception. The defendant moved for a nonsuit on the grounds : 1st. That plaintiff had not shown possession or the right to possession of the property in question. 2d. That the consent of the mortgagee that the mortgagor might sell and use a part of the property rendered the mortgage fraudulent and void as against the creditors of the mortgagor.

The plaintiff alleged in his complaint that he owned the property described therein, and as the right to possession follows the title it was equivalent to an allegation of a right to possession. In the cases referred to by the defendant's counsel in their points in which an allegation of the possession or right to the possession was held necessary, there was no allegation of ownership in the plaintiff, and the possession and right to possession were in some one else.

By the terms of the mortgage in question, plaintiff has not the right to the possession of the mortgaged property, except as it is implied from the right to enter and take it if default is made in performing the conditions of the mortgage. *Hall* v. *Sampson*, 35 N. Y. 274.

As I understand the mortgage, two of the notes that the mortgage was given to secure were actually due. The mortgage, after reciting that it was given to secure three notes given to Brandy & Co., proceeds as follows: "And also a note given to William Hall, on which there is now due about $142, and also one for $200, owing by me to Merkwick & Laidlow, on which there is now due or back $200." There is no evidence in the case to show that said debts were not actually due and owing at the date of the mortgage, and if they were then due, the mortgagor had no interest in the prop-

erty that could be levied on and sold. It follows that when the levy was made, the plaintiff was the legal owner of the mortgaged property. The ruling as to the sufficiency of the complaint and the competency of the evidence objected to was right. The learned judge erred in refusing to nonsuit the plaintiff on the ground that the mortgage was fraudulent and void by reason of the permission given to the mortgagor to sell and use a part of the property sold, and to apply to his own use the proceeds of that which he might sell. Such a license renders the mortgage fraudulent and void as against the creditors of the mortgagor. *Griswold* v. *Sheldon,* 4 N. Y. 580. It makes no difference whether the license is in the mortgage or is a separate arrangement. *Edgell* v. *Hart,* 9 N. Y. 216. It was held in *Russell* v. *Winne,* 37 N. Y. 591, that such a license as to a part of the property mortgaged rendered the mortgage wholly void. When the motion for a nonsuit was made, this license was clearly proved by the parties to the mortgage, and there was no evidence to the contrary, nor any that created a doubt or suspicion as to the consent to sell and use portions of the property having been given.

Although fraud is a question for the jury, yet when there is no conflict of evidence in regard to the facts, proving the fraud, it is the duty of the court to nonsuit the plaintiff.

Under such circumstances, it would be the duty of the court to set aside the verdict should the jury find the transaction free from fraud. *Griswold* v. *Sheldon,* 4 N. Y. 580, and cases cited.

The judgment must be reversed and a new trial ordered, costs to abide the event.

*Judgment reversed and new trial ordered.*