DORCAS BAINBRIDGE, RESPONDENT, v. HENRY E. RICH-MOND, SHERIFF, ETC., APPELLANT.

*Chattel mortgage — when its terms may be varied by parol evidence.*

When a chattel mortgage appears by its terms to have been given to a second indorser of two notes to secure their payment, it may be shown by parol that it was intended as a security for all the indorsers upon the notes, and upon such proof being made it can be enforced by the first indorser.

APPEAL from an order made at the Monroe Circuit denying defendant's motion for a new trial, made upon the judge's minutes. The motion was made upon exceptions, and upon the ground that the verdict was against the weight of evidence.

The action was brought against the defendant, as sheriff of Monroe county, for levying upon and selling the contents of a retail liquor and cigar store, owned and carried on by James P. Bainbridge, the plaintiff's son. The levy was made by virtue of one

or more attachments against the property of James. The plaintiff claimed the property as mortgagee in possession, by virtue of two chattel mortgages executed by her son, one for $1,000 given to her, and the other for $2,000, given to Samuel D. Purdy, a brother-in-law of the mortgagor, and by him assigned to the plaintiff. It appeared by the terms of the latter mortgage that it was given to secure the payment of two notes, one of $1,500, and one of $500, due in three months from the date of the mortgage, at the Wyoming County National Bank, at Warsaw, which Purdy thereby agreed to pay. At the trial it appeared that said notes were made by James P. Bainbridge, and indorsed by the plaintiff as first indorser, and by Purdy as second indorser. Parol evidence was given against the defendant's objection, which, as the plaintiff claimed, tended to show that when the mortgage was given to Purdy it was intended as a security for all the indorsers upon the notes, and that they all held it as security, and that it was assigned by Purdy to the plaintiff in consideration of her paying the notes at the bank. James, who was called by the plaintiff as a witness, testified that he carried on the business as usual from the time of the execution of the mortgage, from the twenty-ninth of January to the twenty-third of February, the date of his mother's taking possession. The plaintiff testified that when the mortgage was executed she expected that James would go on in the business, and that he never sent her any of the proceeds. The levy was made very soon after the plaintiff took possession. The jury rendered a verdict in favor of the plaintiff for $1,620.67.

*Nathaniel Foote*, for the appellant.

*J. A. Stull*, for the respondent.

SMITH, J.:

The appellant's counsel takes the position that the mortgage to Purdy was a mere indemnity to him, against his liability as second indorser on the notes, and he, not having been compelled to pay, had no interest in the mortgage which he could assign; and that as the plaintiff was the first indorser, she and Purdy were not co-sureties, and she had no right to be subrogated to the mortgage on paying the notes. The judge charged the jury in substance,

that if the mortgage was intended as security for all the indorsers the plaintiff could hold it as security for her indorsement. The instruction was correct, and the parol evidence introduced on that subject warranted the jury in finding that such was the intent of the parties to the mortgage and the notes. The appellant's counsel insists that parol evidence was not admissible to show such purpose; that the effect of it was to contradict, or at least to vary the mortgage. But it has been held repeatedly that parol evidence, to show the purpose and intent for which a security was executed, is not regarded as contradicting or varying its terms or legal effect. (*Truscott* v. *King*, 2 Seld., 147, 161; *Chester* v. *The Bank of Kingston,* 16 N. Y., 336, 343; *Agawam Bank* v. *Strever*, 18 id., 502; *Hutchins* v. *Hebbard*, 34 id., 24.) So it was competent to show by parol in this case that Purdy was to hold the mortgage as trustee for the other indorsers, as well as in his own right, the fact was not inconsistent with the terms of the instrument. (*Artcher* v. *McDuffie*, 5 Barb., 147; *Hall* v. *Crouse*, 13 Hun, 557, 561; *Hubbell* v. *Blakeslee*, 71 N. Y., 63, 69.) The most that the defendant can claim is that as the mortgage did not express the true intent and purpose of the parties, it was liable to suspicion, and the variance was a circumstance to be considered in determining the question of fraud. (*Per* MARSHALL, C. J., in *Shirras* v. *Caig*, 7 Cranch, 34, cited by JEWETT, J., in *Truscott* v. *King*, *supra*; *McKinster* v. *Babcock*, 26 N. Y., 378, 382.)

The point is made that the parol evidence did not show that the mortgage was intended to secure plaintiff as well as Purdy. Without repeating the evidence it is enough to say, that taken in connection with the terms of the mortgage, it fairly justified the submission to the jury of the question above stated, as to the purpose for which the mortgage was given. We think, therefore, that the plaintiff's claim rested upon both mortgages, and if they were free from fraud she was entitled to recover. If the mortgage of the entire stock of goods in a retail store is accompanied with an agreement that the mortgagor may remain in possession and sell the goods, and apply the proceeds to his own use, the mortgage is void in law, whether the agreement be contained in it or not. (*Wood* v. *Lowry*, 17 Wend., 492; *Edgell* v. *Hart*, 5 Seld., 213; *Russell* v. *Winne*, 37 N. Y., 591; *Dutcher* v. *Swartwood*, 15 Hun,

31; *Southard* v. *Pinckney*, 5 Abb. [N. C.], 184.)   There was no direct proof of such an agreement in this case ; but there was evidence from which it might have been inferred.   It was, therefore, a question for the jury, and the court for that reason properly denied the motion for a nonsuit, and the request to direct a verdict for the defendant on that ground.   The judge charged the jury that if they should find that when the mortgages were made it was agreed or understood, expressly or impliedly between the plaintiff, her son, and Purdy, that James was to be at liberty to sell the liquor, and deal with it at his pleasure, as if the mortgage had not been given, such agreement, of itself, would be evidence of fraud, which the jury might take into account in deciding whether the transaction was fraudulent.   To this charge no exception was taken, and there was no request that the judge charge that such agreement would make the mortgage void in law.   The jury having rendered a general verdict in favor of the plaintiff, it is impossible to say whether they found that there was no such agreement, or whether they found that, notwithstanding such agreement, the mortgages were executed in good faith, and with a lawful intent.   In *Dutcher* v. *Swartwood* (*supra*), relied upon by the appellant's counsel, the fact of the vitiating agreement was taken as established, at the trial, without dispute, and in that respect the case differs materially from this.   In this view of the case the question whether the mortgagee by taking possession of the property under the mortgage acquired a valid title as against the creditors of the mortgagor, which was the turning point in the case of *Dutcher*, does not arise.

These considerations dispose also of the position taken for the appellant, that when the plaintiff took possession she made a like agreement with her son, which vitiated the mortgage.   That point also involves a question of fact, and the appellant is not in a position to claim that there was any error, either of commission or omission in respect to submitting it to the jury.

The question to which most of the evidence in the case was directed was, whether the mortgages were executed with a fraudulent intent in fact.   We are not prepared to say, that upon that question the verdict is, as the appellant's counsel contends, against the weight of evidence.

At the trial the defendant's counsel offered to show the amount of the proceeds of the business, from the date of the mortgages until the plaintiff took possession. It is evident, from what immediately precedes the offer in the printed case, that the offer was to make the proof by having the witness, James P. Bainbridge, read from certain account books produced by him, and which we may assume were the books in which he had testified the accounts of his business were kept. It did not appear by whom or when the entries in the books were made, and that being the state of the proof they were not competent evidence against the plaintiff for any purpose.

The order should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Order denying new trial affirmed.