Leonard Hangen, Respondent, *v.* Christian Hachemeister,. Appellant.

Where there is an agreement or understanding between the parties at the time of the execution of a chattel mortgage that the mortgagor may sell or dispose of the mortgaged property or any portion thereof for his own use, the mortgage is void as to the creditors of the mortgagor.

The agreement or understanding may be proved by parol or may be inferred from the fact that the mortgagee permits the sale to be made.

In 1887 one V. R., who was engaged in keeping a saloon in the city of New York, died. The public administrator was appointed administrator of his estate, and as such took possession of and sold the furniture,. fixtures, etc., of the saloon to plaintiff, who thereupon took possession and continued the business with the property so purchased. Defendant entered the premises and took away the property so purchased, claiming title thereto under a chattel mortgage executed by the deceased in 1876. The mortgage, by its terms, covered all the goods and chattels in the saloon belonging to the mortgagor, mentioned in a schedule annexed. The schedule enumerated all the furniture and fixtures in the saloon and the stock of wines, ales, liquors and cigars. The mortgage provided that until default in payment the mortgagor was to remain in quiet and peaceable possession of the goods and chattels and the full and free enjoyment of the same. In an action for the alleged conversion of said property there was evidence that the mortgagee had loaned the mortgagor money to carry on the saloon: that the latter continued the business until about the time of his death, conducting it in the usual way; that there were other creditors of the deceased and that he died insolvent. *Held,* that the jury had a right to infer from the facts that it was mutually understood between the parties that the mortgagor should have the right to sell and dispose of the merchandise embraced in the mortgage for and on his own account, and that with this finding the mortgage was void as against creditors; that the administrator represented the creditors as well as the estate, and as such had the right to disaffirm the mortgage.

Evidence was given tending to show plaintiff's receipts from sales made and the expenses each day for two weeks before the property was taken. After it had been received it was objected that no claim was made for such damages. The objection was overruled and an exception taken. *Held,* that the exception was not available here, the objection not having been made in time and no motion having been made to strike out the evidence; also, that the evidence was proper in determining the damages arising from the destruction of plaintiff's business, which was one of the items of damage set forth in the complaint.

It appeared that a controversy arose as to the validity of the mortgage between the public administrator and defendant's attorney, who had been employed to foreclose it and take possession of the property. Evidence was given tending to show that there was an arrangement between them, by which the property was to be sold and the proceeds retained subject to the determination of the question as to the validity of the mortgage. This was objected to as irrelevant and incompetent. The objection was overruled. *Held,* no error.

Plaintiff was allowed to testify as to the cost of articles purchased by him from other parties than the administrator, which he claimed were taken by defendant, and which had been purchased within three weeks of the sale and, as the evidence showed, had not changed in value, also, as to the amount he paid for the property purchased at the administrator's sale. He had testified, in substance, that he was familiar with such property, had bought and sold it, and for eight years been engaged in the business of keeping a saloon and in buying and selling fixtures and saloons. *Held,* that the evidence was properly received; also, that the witness was competent to express his judgment as to the value of the property.

Defendant requested the court to charge that plaintiff must prove that the mortgagor actually sold, as his stock in trade, property covered by the mortgage and applied the money to other purposes than the mortgage debt. This was refused. *Held,* no error; that the request was incomplete and, as it stood, meaningless, because it did not point out the consequences which would result if the proof was not made; but *held,* that it was the agreement authorizing the mortgagor to sell that vitiated the mortgage, not the fact that a sale was made.

Reported below, 21 J. & S. 532.

(Argued June 5, 1889; decided June 18, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 31, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

*Henry Daily, Jr.,* for appellant. When illegal evidence has been admitted against objection, which bears in the least degree on the result, it is fatal. (*Baird* v. *Gillett,* 47 N. Y. 187, 188; *Worrell* v. *Parmilee,* 1 Comst. 519; *People* v. *Wiley,* 3 Hill, 214.) Any evidence bearing on the issue erroneously admitted is ground for a new trial. (*O'Hagan* v. *Dillon,* 76 N. Y. 170; *Neudecker* v. *Kohlberg,* 81 id. 304, 305; *Hawley* v. *Hatton,* 9 Hun, 134.) It was error for the court to charge

the jury on an assumed state of facts not proved or before him. (*Palmer* v. *Kelly*, 56 N. Y. 637; *Algeer* v. *Gardner*, 54 id. 360; *Story* v. *Brennan*, 15 id. 526; *Small* v. *Smith*, 1 Denio, 583; *Gale* v. *Wells*, 12 Barb. 94; *Lakey* v. *Loomis*, 2 Hun, 516; *Pease* v. *Smith*, 61 N. Y. 488.)

*Richard L. Sweezy* for respondent.  The case was properly submitted to the jury upon the question as to whether or not the mortgage was fraudulent by reason of an agreement between the mortgagor and the mortgagee, to the effect that the mortgagor might go on and sell the stock of liquors, etc., and appropriate the proceeds to his own use.  Such an arrangement or understanding avoids the mortgage as a matter of law. (*Edgell* v. *Hart*, 9 N. Y. 213; *Russell* v. *Winne*, 37 id. 591; *Southard* v. *Benner*, 72 id. 424; *Potts* v. *Hart*, 99 id. 168; *Hangen* v. *Hachemeister*, 17 J. & S. 34.)  By the statute of frauds a mortgage, not followed by actual and continued change of possession, though filed, is presumptively fraudulent and void as against creditors and purchasers, and it is incumbent upon the mortgagee to establish the good faith of the mortgage and the honesty and propriety of the arrangement whereby the property was left with the mortgagor.  (3 R. S. [6th ed.] 143, §§ 5, 9; *Gardner* v. *Adams*, 12 Wend. 297.)  A fraudulent grantee cannot call upon the creditors of his grantor to restore any part of the consideration as a condition precedent to their right to avoid the fraudulent transfer.  (*U. N. Bk.* v. *Warner*, 12 Hun, 306; *Russell* v. *Winne*, 37 N. Y. 591.)  The evidence of what plaintiff paid for the property shortly before it was taken by defendant was proper upon the question of its value. (*Hoffman* v. *Conner*, 76 N. Y. 121.)  If the mortgage was fraudulent and void, the loss sustained by plaintiff during the period necessarily occupied in refitting the place was a proper element of damage.  (*Wakeman* v. *W. & W. S. M. Co.*, 101 N. Y. 205; *Schile* v. *Brokhahus*, 8 id. 614.)

HAIGHT, J.  This action was brought to recover the value of certain personal property, consisting of bar fixtures, gas fix-

tures, water fixtures, pumps, counters, tables, chairs, glass ware, window shades and other property contained in the saloon at No. 44 Clinton place in the city of New York, which, it is alleged, was wrongfully and unlawfully taken from the plaintiff by the defendant, carried away and converted to his own use; and also for damages for breaking up and injuring the plaintiff's business, reputation and credit.

The defense is that the property was taken by virtue of a chattel mortgage. It appears that, in the year 1877, a young man by the name of George A. Von Rauscher was engaged in conducting a saloon at the place in question, and upon the 19th day of October, 1877, he died; that the public administrator of the city was appointed the administrator of his estate, and as such took possession of his personal property, and thereafter, and on the 27th of October, 1877, sold at public auction the furniture, fixtures and appurtenances of the saloon to the plaintiff for the sum of $483, who thereupon entered into the possession of the place, and continued the business with the property thus purchased; and about the middle of November thereafter the defendant, who is a member of the firm of George Ringler & Co., entered the premises with a number of men and took and carried away the property in controversy. It further appears that on the first day of November, 1876, Von Rauscher executed to one August Von Rauscher a chattel mortgage upon the wines, liquors, articles of furniture belonging to him, and all other goods and chattels mentioned in a schedule annexed, that was at that time in the saloon at 44 Clinton place, New York, to secure the payment of a promissory note for $340, payable in one year from date. The mortgage provided that, until default be made in the payment, the mortgagor was to remain and continue in the quiet and peaceable possession of the said goods and chattels and the full and free enjoyment of the same. The schedule annexed enumerated the chairs, tables, counters, bar, fixtures, etc., contained in the saloon, including the stock of wines, ales, liquors and cigars. This mortgage was subsequently assigned to the firm of George Ringler &

Co., who were the owners of it at the time the property was taken by the defendant.

Upon the trial the plaintiff claimed that the mortgage was fraudulent and void for the reasons, first, that Von Rauscher, the mortgagor, at the time it was executed was an infant under the age of twenty-one years; and, second, that it was executed under an agreement that he should continue in the possession of the property and have the full and free enjoyment of it, with the right to sell and dispose of the wines, ales, liquors and cigars for his own benefit and advantage without applying the proceeds upon the mortgage debt. As to the claim of infancy, the trial court held and decided that it was not established, and only submitted to the jury the question as to whether there was an agreement that the mortgagor was to have the right to sell and dispose of the property mentioned, and to retain the proceeds thereof. The jury found a verdict in favor of the plaintiff for the value of the property taken, thus finding that such agreement was made. In the case of (*Southhard* v. *Benner*, 72 N. Y., 424), it was held that if, at the time of the execution of a chattel mortgage upon the stock of merchandise, it is understood and agreed between the parties that the mortgagor may sell the stock and use the proceeds in his business, and the agreement is carried out, the mortgagor making the sales with the knowledge of the mortgagee, the transaction is fraudulent in law as against the creditors of the mortgagor. It was further held in that case that such an agreement might be proved by parol, or inferred from the fact that the mortgagee had permitted the sales to be made.

In the case of *Potts* v. *Hart* (99 N. Y. 168), it was held that the mortgage would be void when it is given with a tacit understanding that such sales may be made; and in the case of *Russell* v. *Winne* (37 N. Y. 591), it was held that an agreement that the mortgagor may remain in possession and sell or dispose of the mortgaged property for his own use, rendered the mortgage fraudulent as to creditors, whether the agreement be contained in the instrument or was independent of it,.

and that if it was void as to a part of the chattels covered by it, it was void as to the whole.

The wines, ales, liquors and cigars constituted the stock of merchandise embraced in the mortgage. The administrator represented the creditors as well as the estate. As such he had the right to disaffirm and treat as void the mortgage if it was made in fraud of the rights of creditors. It appears that there were other creditors of the deceased, and it is understood that he was insolvent. The administrator, therefore, had the right to take possession of the property, to sell it at public auction, and give a good title to the purchaser, provided the agreement complained of was, in fact, made.

As we have seen, the agreement may be a tacit understanding; it may be proved by parol or inferred from the fact that the sales were permitted by the mortgagee. The first bit of evidence we have upon the subject appears in the provisions of the mortgage in which, it was agreed that the mortgagor should remain and continue in the quiet and peaceable possession of the goods and chattels and have the full and free enjoyment of the same until default was made in the payment, which was a year from the date of the instrument. There was further evidence to the effect that the mortgagee was a brother of the mortgagor and that he had loaned the mortgagor the sum of $340 to enable him to carry on the saloon. The stock in trade consisted of wines, ales, liquors and cigars. The business engaged in consisted of the sale of these commodities, and if they could not be sold the mortgagor could not well conduct his business of keeping a saloon. It further appears from the evidence that the mortgagor did continue the business of running the saloon down to about the time of his death, conducting it in the usual way. It appears to us that the jury had the right to infer from these facts that it was mutually understood between the parties that the mortgagor should have the right to sell and dispose of the merchandise embraced in the mortgage for and on his own account, and that the mortgage was consequently void as against creditors. This question was submitted to the jury without exception on the

part of the defendant, and we, must regard the parties as concluded by the finding.

Upon the trial evidence was given tending to show the plaintiff's receipts from sales made each day for two weeks before the property was taken. After the evidence had been taken the objection was made that there was no claim made for such damages. The objection was overruled and an exception was taken. Evidence was also given showing the expenses each day. The exception is not available here, for the reason that the objection was not made in time, and there was no motion to strike out the evidence taken. But such damages were claimed in the complaint. It was alleged that the taking of the property broke up, injured and destroyed the plaintiff's business; brought him into disgrace, and injured his business, reputation and credit, for which he suffered damages, etc.

In determining the amount of such damages it was necessary to understand the nature and amount of business that he was carrying on at the time the property was taken, and the receipts and disbursements for two weeks prior to that time does not appear to us to be too remote. (*Schile* v. *Brockhahus*, 80 N. Y. 614.) Evidence was also given tending to show that there was an arrangement between the administrator and the defendant by which the property was to be sold and the proceeds retained subject to the determination of the question of the validity of the mortgage. Objection was taken to this evidence as irrelevant and incompetent. The conversation was with Mr Tenny, the defendant's lawyer, the person who had been employed to foreclose the mortgage and take possession of the property. A controversy had arisen between him and the public administrator as to the validity of the mortgage; the objection was not placed upon the ground that Tenny was not authorized to make the arrangement; had it been, evidence to that effect might have been supplied; for this reason the exception is not well taken.

The plaintiff was permitted to testify as to the cost of articles purchased by him from other sources than the

administrator, which he claimed was taken by the defendant, and also as to the amount that he paid for the property taken. at the administrator's sale. The first objection was based upon the ground that it furnished no evidence of the actual value at the time that the property is alleged to have been taken. It, however, appeared that the property had been purchased within three weeks of the time that it was taken, and there is no pretense that it had changed in value during that time. The second objection was based upon the ground that the witness was not an expert as to the value of such property. The court admitted the evidence, but subsequently held that he was not qualified to give an opinion as to the value of the property, upon the ground that he was not an expert. His evidence was to the effect that he was familiar with such property; that he had bought and sold that grade of property, and had for eight years been engaged in the business of keeping a saloon and in buying and selling fixtures and saloons. It appears to us that he was competent to express his judgment as to the value of the property, and we are, therefore, of the opinion that the evidence was competent and within the rule stated in the case of *Hoffman* v. *Conner* (76 N. Y. 121–124).

The defendant requested the court to charge that the plaintiff must prove that this mortgagor actually sold, as his stock in trade, property covered by the mortgage and applied the money to other purposes than the mortgage debt, which was refused. It was the agreement that the mortgagor might sell the stock in trade and apply the proceeds to other purposes than the mortgage debt, that vitiated the mortgage, and not the fact that such sale had been made. But the request is incomplete, and as it stands is meaningless. It does not point out the consequences that would result in case of failure to make such proof. We suppose that the defendant intended to request the court to charge that the plaintiff, in order *to recover*, must prove, etc. The proposition was substantially charged, and we do not feel justified in supplying the words necessary to make the exception available. We have exam-

ined the other exceptions appearing in the case, but are of the opinion that they point to no error.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.