(9 Misc. Rep. 680.)

### HEDGES v. POLHEMUS et al.

(Common Pleas of New York City and County, Equity Term. October, 1894.)

1. FRAUDULENT CONVEYANCES—MORTGAGES—RESERVATIONS BY MORTGAGOR.

A reservation in a chattel mortgage of the right to the use by the mortgagor of some of the things mortgaged, which use involves the consumption of the things, of itself, as against creditors, avoids the mortgage in toto.

2. SAME—SETTING ASIDE AFTER SALE OF MORTGAGED PROPERTY.

Though the right to avoid the mortgage may not be asserted by a creditor before armed with proper process, yet when he perfects his lien he may enforce the right, although meanwhile the mortgagee gets possession of the things mortgaged, by virtue of the mortgage, and sells them in satisfaction of the mortgage debt.

3. SAME—ACTION BY RECEIVER IN SUPPLEMENTARY PROCEEDINGS.

A receiver in supplementary proceedings may avoid the mortgage in behalf of the creditor he represents.

(Syllabus by the Court.)

Action by Job E. Hedges, as receiver in supplementary proceedings, against John Polhemus and others, to set aside a chattel mortgage. Judgment for plaintiff.

Charles M. Earle, for plaintiff.
James Parker, for defendants.

PRYOR, J. On behalf of creditors, plaintiff, a receiver in supplementary proceedings, challenges the validity of a chattel mortgage on the ground that it reserves to the mortgagor, not only the possession, but the "use," of the things mortgaged. Of the things the use of which is permitted to the mortgagor, some are necessarily consumed by the use, e. g., "cash in hand," for the restitution of which no provision is made; "paper, envelopes, stationery," etc. As to these, indisputably, the mortgage is void. Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046; Brackett v. Harvey, 91 N. Y. 214. And, if void in part, it is void in toto. Russell v. Winne, 37 N. Y. 591.

Assuming the mortgage invalid as to creditors, still the mortgagee contends that his title is unimpeachable, because he got possession and disposed of the goods in payment of his debt before the creditors were in a position to attack the mortgage. If the infirmity in the mortgage were merely that it was not accompanied by possession, then a supply of the defect before the lien of cred-

itors attached might be available to the mortgagee.   But here the fact that vitiates the mortgage is what the law characterizes and condemns as fraud in itself, not simply evidence of fraud; and since the possession and sale by the mortgagee were under and by virtue of the mortgage, in law a void instrument, it is clear to demonstration that, as against pursuing creditors, he acquired the things mortgaged by no valid title.   The mortgage was void ab initio, and so incapable of cure or confirmation.   Mandeville v. Avery, 124 N. Y. 376, 385, 26 N. E. 951; Karst v. Gane, 136 N. Y. 316, 325, 32 N. E. 1073.   True, the creditor could not assert his right against the mortgage until armed with proper process; but the right nevertheless existed, and was susceptible of enforcement the moment he perfected his lien by judgment and execution.   Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073.   That the plaintiff may impeach the mortgage is settled beyond controversy. Mandeville v. Avery, 124 N. Y. 376, 385, 26 N. E. 951.   Indeed, the adjudications in that case are quite conclusive on all the points in dispute between these litigants.   Judgment for plaintiff, with costs.