(56 Misc. Rep. 373.)

BURMEISTER et al. v. KOSTER et al.

(Supreme Court, Special Term, New York County. November, 1907.)

1. CHATTEL MORTGAGES—VALIDITY—AFTER-ACQUIRED PROPERTY.

Defendant gave a mortgage on goods and fixtures, with an agreement that he might sell the goods in the ordinary course of business. The mortgagee, on default, took possession. *Held,* that the mortgage was invalid as to creditors so far as it related to property acquired by the mortgagor in the ordinary course of business between the date of the mortgage and the time the mortgagee took possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, §§ 393–404.]

2. FRAUDULENT CONVEYANCES—CHATTEL MORTGAGE.

A creditor of a chattel mortgagor, who, after possession was taken by the mortgagee for default, obtains a judgment against the mortgagor for a debt due before such possession was taken, may attack the mortgage as fraudulent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, §§ 365, 366.]

Action by Charles H. Burmeister and others against Charles Koster and others to set aside a chattel mortgage as in fraud of creditors and for the appointment of a receiver. Judgment for plaintiffs.

Frederick M. Harris, for plaintiffs.
C. F. Goddard, for defendants.

BISCHOFF, J. There is no substantial dispute as to the facts, and the question presented in this action is whether the mortgage made by the defendant Shulz and one Hurley to the defendant Koster was avoidable at the suit of these plaintiffs, who obtained their judgment after possession was taken by the mortgagee under the terms of the mortgage, but for a debt due from the mortgagors prior to the taking of possession. The mortgage covered a grocery store, the stock of groceries and provisions, and other chattels therein contained, as well as certain fixtures and a horse and wagon used in the business, and covered after-acquired property which might come into the possession of the mortgagors in the course of their continuance of the business; it being also agreed that the mortgagors might sell the stock of groceries upon the premises "in the usual and ordinary course of business." The plaintiffs furnished goods to the mortgagors during the months of January and February, 1907. On February 25, 1907, the defendant Koster took possession of the store and the chattels therein contained, by virtue of the mortgage; and thereafter the plaintiffs' reduced their claim to judgment.

It is contended by the defendant Koster that the mortgage cannot be attacked by these plaintiffs, in that they were not judgment creditors at the time when possession was taken by the mortgagee; and the case of Mathews v. Hardt, 79 App. Div. 570, 80 N. Y. Supp. 462, is cited in support of the proposition. Whatever question may have existed, upon the authorities, as to the right of a creditor to attack a chattel mortgage, such as this, where the mortgage was expressed to cover after-acquired chattels, so far as the right of action has been

made to depend upon the obtaining of judgment upon the debt prior to the mortgagee taking possession, the point is certainly set at rest by the recent decision of the Court of Appeals in Zartman v. First National Bank, 189 N. Y. 267, 82 N. E. 127. It was directly held, in that case, that creditors whose claims accrued before possession was taken under such a mortgage may reach the property thus taken, notwithstanding that judgment in an action at law to perfect the right to assail the transfer was not obtained until afterward; that a creditor's knowledge of the existence of the mortgage and of the fact that it was made to cover after-acquired property in no way operates as an estoppel, upon the theory that his goods were delivered to the mortgagor with notice that they might be taken by the mortgagee, since the further clause in the mortgage giving the right to the mortgagor to dispose of the stock would also be notice to the creditor that the property thus in the hands of the mortgagor was all subject to the claims of creditors and could be disposed of to pay them; that the property acquired by the mortgagor in the ordinary course of business between the date of the mortgage and the date of the taking of possession by the mortgagee may be reached by creditors; but that property so taken possession of by the mortgagee, and which was actually present when the mortgage was made, could not be reached, nor could profits acquired after the taking of possession be reached, if the business was continued. In view of the conclusion expressed by the Court of Appeals, and its approval of the grounds stated by the Appellate Division when affirming the judgment in that case (109 App. Div. 406, 96 N. Y. Supp. 633), there can be no question that these creditors may enforce their rights, notwithstanding that the judgment upon the debt was obtained after the taking of possession by the mortgagee; and to the extent that the case of Mathews v. Hardt, supra, would appear to hold otherwise, the latter authority must be deemed to have been overruled.

For the reasons stated, the plaintiffs are entitled to judgment declaring the mortgage void as to property coming into the hands of the mortgagors between the date of the mortgage and the time of the mortgagee's possession, but not as to property which was actually covered by the mortgage when made. Form of decision and judgment, containing appropriate provisions for an accounting and receivership, may be submitted upon notice of settlement.

Judgment accordingly.