## ABRAMS v. PROCTOR.

(Supreme Court, Appellate Term, First Department.    June 18, 1914.)

CHATTEL MORTGAGES (§ 225*)—VALIDITY—DISPOSITION OF PROCEEDS OF PROP-
ERTY.

In an action by the assignee of a stock of goods against a mortgagee of
the goods for conversion, whether there was a tacit understanding be-
tween such mortgagee and the mortgagor that the mortgagor could dis-
pose of the goods and apply the proceeds otherwise than in the reduc-
tion of the debt, and thus render the mortgage void, should have been sub-
mitted to the jury.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 468–
470;  Dec. Dig. § 225.*]

Appeal from City Court of New York, Trial Term.

Action by William Abrams against Frederick F. Proctor.  Judgment
for plaintiff, and defendant appeals.  Reversed, and new trial granted.

Argued June term, 1914, before SEABURY, PAGE, and BI-
JUR, JJ.

Hart & Tompkins, of New York City (Millard F. Tompkins and
Sumner B. Stiles, both of New York City, of counsel), for appellant.

Newman & Butler, of New York City (Myron Butler, of New York
City, of counsel), for respondent.

PAGE, J.  Plaintiff sues in conversion.  He is both the assignee of
the stock of goods of a drug store from the original owner and also
the assignee of one who purchased the stock on a sheriff's sale.  De-
fendant was the druggist's landlord, also the holder of a second chattel
mortgage on the stock; there being a first mortgage in favor of third
parties.

Appellant's point is that, default having occurred in favor both of
the first mortgagees and of himself, prior to the acquisition of plain-
tiff's title, the title vested at once in the mortgagees, and plaintiff had
no title to sustain an action in conversion.

The real controversy apparently centers upon the validity of the
chattel mortgages.  Respondent's point is that a chattel mortgage
which in terms permits the mortgagor to remain in possession and dis-
pose of the goods and apply the proceeds otherwise than in reduction
of the debt is fraudulent and void as to creditors, and that, even if no
such express provision be contained in the mortgage, one may be im-
plied from circumstances, citing Hangen v. Hachemeister, 114 N. Y.
566, 21 N. E. 1046, 5 L. R. A. 137, 11 Am. St. Rep. 691.  No such pro-
vision is contained in either of these mortgages, plaintiff claiming only
that they may be implied from the circumstances.  On this point, how-
ever, he obtained the direction of a verdict, although he himself neces-
sarily concedes by his claim that the question whether such an agree-
ment should be implied must necessarily be one of fact to be submitted
to the jury.

Judgment reversed, and new trial granted, with costs to appellant
to abide the event.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes