## BROWN v. LEO.

(Circuit Court of Appeals. Second Circuit. May 3, 1926.)

No. 187.

1. Appeal and error ⟜14(½).

Suing out writ of error to review decree in equity is irregularity, which may be ignored.

2. Courts ⟜359.

Case concerning title to land will be determined according to law of state.

3. Chattel mortgages ⟜188(2)—Under New York Law, chattel mortgage is void, as fraud on creditors, if mortgagor remains in possession and is authorized to sell goods and use proceeds in his own behalf.

Under New York Law, chattel mortgage is void, as fraud on creditors, if mortgagor remains in possession and is authorized to sell mortgaged goods and use proceeds in his own behalf, though rule requires more than mere acquiescence of mortgagee, and yields when mortgagor pays proceeds of sale on mortgage debt.

4. Bankruptcy ⟜184(1)—As respects bankruptcy trustee, mortgage of realty and merchandise held void, as fraud on creditors, both as to chattels and realty.

Mortgage of realty and stock of merchandise, after execution of which mortgagor, under implied agreement with mortgagee, remained in possession, sold merchandise, and used proceeds for his own needs, *held* void under New York law, as fraud on creditors, not only as to the chattels, but as to realty as well, and trustee in bankruptcy of mortgagor entitled to take property free and clear of mortgage.

In Error to the District Court of the United States for the Western District of New York.

Suit by Harry K. Brown, as trustee in bankruptcy of John Petrilli, against Fanny Leo. Decree for plaintiff, granting only partial relief, and he brings error. Decree reversed, and cause remanded.

This case arises anomalously upon a writ of error taken out to a decree of the District Court for the Western District of New York, entered upon a bill in equity. It was accompanied by a bill of exceptions.

The bill, described as a "petition," was filed by a trustee in bankruptcy to set aside, as in fraud of creditors, a mortgage and a later deed, executed by the bankrupt to his sister, substantially divesting him of all his assets. The mortgage was executed on October 28, 1915, and the deed on June 23, 1916; the petition in bankruptcy being filed on July 19, 1916. The bankrupt gave the mortgage to secure $4,000 which his sister, as he said, from time to time in the past had advanced to him in installments. It covered a piece of real estate and the chattels and fixtures upon it, which constituted the grocery business by which he made his living. The mortgage contained no agreement allowing him to sell the stock of groceries, but that was his practice, after as well as before the mortgage; that is to say, he stayed in possession, sold from the stock, replenished it with the proceeds, or used them for his needs, and mingled his purchases with what was left, making no attempt to keep apart the original goods. This he did under an implied agreement with the mortgagee.

The learned District Judge held the agreement in fraud of the bankrupt's creditors, but limited its effect to the chattels. Therefore he set aside the lien of the mortgage as respects these, but sustained it as respects the land. He altogether set aside the deed of June 23, 1916, because it was made without consideration, on the eve of bankruptcy, and while the bankrupt was insolvent. The decree only required the defendant to repay the sum received by her upon a sale of the chattels, the equity in the land being nominal.

As the plaintiff alone appealed, the sole question is whether the invalidity of the mortgage extended to the land or was confined to the chattels.

John Griffin, of Hornell, N. Y., for plaintiff in error.

Harry L. Allen, of Hornell, N. Y., for defendant in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] It was, of course, irregular to sue out a writ of error to a decree in equity, and a bill of exceptions was unnecessary and improper. However, such errors of form we now ignore, and we shall therefore at once approach the case upon the merits. As it concerns the title to land, we are to decide it after the law of the state. [3, 4] It has been the law of New York since 1837, at least, that a chattel mortgage, under which the mortgagor not only remains in possession, but is authorized to sell the goods

and use the proceeds on his own behalf, is a fraud on creditors. Wood v. Lowry, 17 Wend. 492. Just why this should be so we are not altogether clear. A person in possession of a stock of goods, from which he is free to sell as he pleases, may perhaps deceive creditors into supposing that they are unconditionally his. Again, it is possible to reason that this inference is stronger when he replenishes the stock, at least as to the substituted goods. But the last is not a necessary element in the fraud, and, as we shall show, the doctrine has nothing to do with ostensible ownership. Therefore it can rest only upon some supposed conceptual repugnancy between the mortgage and the reserved power, quite regardless of any evils which may result from their coupling.

At any rate it is thoroughly well established, though it requires an actual agreement creating the power; mere acquiescence of the mortgagee not being enough (Gardner v. McEwen, 19 N. Y. 123; Frost v. Warren, 42 N. Y. 204), and though it yields when the mortgagor agrees to pay the proceeds of any sale upon the debt (Conkling v. Shelley, 28 N. Y. 360, 84 Am. Dec. 348; Brackett v. Harvey, 91 N. Y. 214). But the agreement may be dehors the mortgage (Southard v. Benner, 72 N. Y. 424; Potts v. Hart, 99 N. Y. 168, 1 N. E. 605), and it makes the lien invalid not only as to the stock of goods to which it applies, but even as to separate stocks or fixtures which the mortgagor has no power to touch (Edgell v. Hart, 9 N. Y. 213; Russell v. Winne, 37 N. Y. 591, 97 Am. Dec. 755; Hangen v. Hachemeister, 114 N. Y. 566, 21 N. E. 1046, 5 L. R. A. 137, 11 Am. St. Rep. 691; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885; In re Volence [D. C.] 197 F. 232 [per Hough, J.]; In re Leslie-Judge Co., 272 F. 886 [C. C. A. 2]).

In Benedict v. Ratner, 268 U. S. 353, 45 S. Ct. 566, 69 L. Ed. 991, the Supreme Court considered the doctrine in a case involving assigned accounts. We had held it a part only of the general doctrine of reputed or ostensible ownership, and therefore inapplicable to intangibles. But the court said no; that the law of New York made the agreement a fraud merely because of the repugnancy of which we spoke just above, and quite independently of whether its exercise gave to the mortgagor a false credit. Just before the decision in Benedict v. Ratner, we decided the only case in which, so far as we can find, the doctrine was urged in the case of a mortgage of real and personal property. Hammond v. Carthage, etc., Co. (C. C. A.)

8 F.(2d) 35. The discussion there was not necessary to the decision, because the mortgage was carefully drawn, apparently with the purpose of excluding from the lien all property over which the mortgagor retained a power of sale. —

So far, however, as we said that a single mortgage of land and chattels might be valid as to the land and void as to the chattels, when the mortgagor was given the right to dispose of the chattels on his own account, we think that our decision must be regarded as overruled by Benedict v. Ratner, supra. We thought that in such cases there was no actual fraud, but that the possession of the chattels by the mortgagor, being "strongly repugnant" to the common law, if coupled with a power to sell, in effect left no mortgage at all. These considerations did not, in our judgment, apply to so much of the instrument as incumbered the land, especially as a mortgage of land in New York does not pass title. Hence there was no reason why the same instrument should not be good as a mortgage as to the land and bad as to the chattels. It was like the case of a mortgage, bad as to chattels for lack of filing, but good as to land because recorded. Chemung, etc., Co. v. Payne, 164 N. Y. 252, 58 N. E. 101. As there was no fraud to taint the whole, it might be good so far as it was a mortgage at all.

We cannot take this position after Benedict v. Ratner, supra. That case declared that the law of New York made such an agreement actually fraudulent, quite independently of any dislike of the common law for continued possession by the mortgagor as ostensible ownership. Thus we think that we may no longer distinguish between a mortgage covering land and chattels and one covering two stocks of chattels. As authoritatively construed for us, the law of New York finds an obliquity in coupling with the lien a beneficial power in the mortgagor to sell the goods, quite aside from any false credit he may so procure. This pervades and taints the instrument as a whole, and there can be no difference whether the property to which the power does not extend is land, or an independent stock of chattels, or fixtures, as in Hangen v. Hachemeister, supra, Skilton v. Codington, supra, and In re Volence, supra.

Therefore we must say that the mortgage is void as to the land, as the trial court found it as to the chattels. It must be set aside in both respects, and the trustee declared entitled to the land free and clear, not only of

the deed of June 23, 1916, but of the mortgage of October 28, 1915.

Decree reversed, and case remanded for further proceedings in accordance with the foregoing.