BARTLETT, J.
This is an action to foreclose a mortgage-given by the Richmond Light, Heat & Power Company to the-Holland Trust Company, as trustee to secure the payment of the bonds of the former corporation to the amount of $150,000. After default.upon the coupons, the plaintiff brought the present-suit as a bondholder, alleging that the Holland Trust Company,, had refused to sue, although duly requested to do so. In addition to the Holland Trust Company, he made the Electric Power Company of Staten Island. Albert Boardman, as the receiver of that company, Erastus Wiman, and David Bennett King, assignee of Erastus Wiman, parties defendant. The complaint alleged that, after the making of the mortgage, Mr. Wiman re *735 covered a judgment against the Richmond Light, Heat & Power Company, whereupon execution was issued, and the property of that company was sold; that Mr. Wiman became the purchaser; that the Electric Power Company of Staten Island was subsequently formed; and that Mr. Wiman sold the property which he had bought at .the sale, under his judgment, to the Electric Power Company of Staten Island, subject to the mortgage already mentioned. It further alleged that, at the same time, the Electric Power Company promised and agreed to accept from Mr. Wiman, for cancellation, the whole or any part of the bonds secured by said mortgage, in full payment of an equal amount due upon a subscription previously made by him for $150,000 of the stock of the said Electric Power Company of Staten Island. The complaint also showed that in proceedings subsequently instituted for the voluntary dissolution of the Electric Power Company, Albert Board-man was appointed receiver, and that, after having duly qualified he took possession of the property of the Richmond Light, Heat & Power Company acquired from Mr. Wiman; that Mr. Wiman, pursuant to the aforesaid agreement, surrendered to the receiver, for cancellation, bonds of the Richmond Light, Heat & Power Company amounting to $63,700; and that of the entire issue of bonds, aggregating $150,000, there remained outstanding only-bonds to the amount of $86,300, of which all but 600 were owned by the plaintiff. The Holland Trust Company, by its answer, denied plaintiff’s allegation as to its refusal to bring suit, and prayed for a decree of foreclosure in its own behalf, as trustee, as though it had been plaintiff in this action. The Richmond Light, Heat & Power Company pleaded that the mortgage sought to be foreclosed was issued without the written assent of the stockholders, required by the act under which said defendant was-incorporated. The Electric Power Company of Staten Island set up the same defense and other matters, upon which it based the-claim that the $63,700 of bonds delivered by Mr. Wiman to the receiver should not be canceled, but were and are enforceable in behalf of the Electric Power Company against the property of the Richmond Light, Heat & Power Company in this foreclosure suit. The answers of Mr. Boardman, the receiver of the Richmond Light, Heat & Power Company, and Mr. King, the assignee of Mr. Wiman, were merely formal, putting the plaintiff to proof of the allegations of the complaint as were not admitted. The trial court decreed a foreclosure, not at the instance of the plaintiff, but in behalf of the Holland Trust Company, holding that the requisite written assent of the stockholders had been given to the making of the mortgage, and that the $63,700 of bonds turned over by Mr. Wiman to the receiver of the Electric Power Company of Staten Island were not entitled to share in the proceeds of the mortgaged property. These two findings present the only questions discussed by the appellants in this court.
1. As to the statutory assent of the stockholders: The Richmond Light, Heat & Power Company was organized under chapter 611 of the Laws of 1875. That act, as amended by chapter *736 894 of the Laws of 1888, provides, in regard to mortgages of real estate, as follows:
“No such mortgage or mortgages shall be issued, however, without'first having obtained the written assent of its stockholders owning more than two-thirds of the stock of said corporation.”' The mortgage in the case at bar recites that stockholders owning more than two-thirds of the stock of the company have assented to said mortgage in writing. All the proof, however, on the subject of assent, was furnished by the minutes of a special meeting of the stockholders held on March 4, 1889, at which six stockholders were present in person, and twenty by proxy, representing in all 2,823 shares óf stock. According to these minutes, it was moved that the directors be authorized to borrow for the general purpose of the business of the company the sum of $150,000, and secure the payment of the same by the execution of the mortgage then before the stockholders; and this motion was seconded and ■carried unanimously. The learned trial judge held that this resolution, passed at the stockholders’ meeting by a vote of stockholders owning more than two-thirds of. the stock, and entered on the minutes, and attested by the secretary, amounted to the written assent required by the statute. I have grave doubt as to the correctness of this view. Vail v. Hamilton, 85 N. Y. 453; Bank v. Averell, 96 id. 467. But there was no one before the court who was in a position to question the validity of the mortgage on account ■of any insufficiency in the assent of the stockholders. Mr. Wiman was estopped, by reason of having executed the mortgage himself in behalf of -the Richmond Light, Heat & Power Company, as its president, with a recital in the instrument itself to the effect that the requisite assent of the stockholders, in writing had been obtained. The Electric Power Company of Staten Island was es-topped because it had acquired the property of the Richmond Light, Heat and Power Company expressly subject to the mortgage. It was in a situation which had been likened to that of a purchaser taking title subject to a usurious mortgage, who “ is estopped from questioning its validity, and must pay it if he has agreed to; and, if not, he must allow the lands conveyed subject to it to be applied to its payment.” Freeman v. Auld, 44 N. Y. 50, 53. And, finally, I think the Richmond Light, Heat & Power Company was precluded from complaining of this alleged invalidity in the mortgage, because it had absolutely parted with all interest in the mortgaged property. No benefit could possibly accrue to that corporation by having the mortgage annulled after the mortgaged property had been transferred to another corporation. Indeed, the avoidance of the mortgage would be a distinct injury to the Richmond Light, Heat & Power Company, inasmuch as that company would remain obligated to pay the whole of the debt which the mortgage was given to secure, and yet could not have any of the mortgaged property applied towards the payment of that debt.
2. As to the status of the $63,700 of bonds of the Richmond Light, Heat & Power Company, turned over to the receiver of the Electric Power Company of Staten Island by Mr. Wiman, in part *737 payment of his subscription to the capital stock of the latter company : Mr. Wiman had subscribed for 2,480 shares of the capital stock of the Electric Power Company. The agreement between Mr. Wiman and the two corporations, after conveying to the Electric Power Company the property which Mr. Wiman had acquired from the Richmond Light, Heat & Power Company, under his judgment, contains this clause:
“ The power company hereby accepts said transfer as payment in full of the balance due from Mr. Wiman upon his said subscription for 980 shares, and further agrees to accept any surrender to it by Mr. Wiman, for cancellation, of the whole or any part ■of said bonds, in full payment of an equal amount due upon his subscription for $150,000 of its stock; the intention of the parties being that Mr. Wiman shall receive $248,000 of the full paid ■capital stock of the power company in consideration of the transfer to it of the propeaty enumerated in Schedule A. free from all incumbrances.”
The property enumerated in Schedule A was that already mentioned as having originally belonged to the Richmond Light, Heat ■<& Power Company, and having come to Mr. Wiman through his judgment. Under the contract, from which I have quoted, Mr. Wiman has surrendered to the receiver $63,700 of the bonds for cancellation, and the trial court has held that they must be canceled ; but upon this appeal the Electric Power Company insists that these bonds constitute an assert in its hands for the benefit of its creditors, and should be retained by the receiver and enforced against the property of the Richmond Light, Heat & Power Company. I do not see how this can be done without changing the contract between Mr. Wiman and the companies, or disregarding its terms. It is not suggested that the contract was not one which the parties had power to make. The purpose of the agreement, clearly, was that Mr. Wiman, for $248,000 of the stock, should turn over to the Electric Power Company of Staten Island all the property of the Richmond Light, Heat & Power Company freed from the mortgage lien. If he co.uld not turn it over wholly freed from that lien, he was to lessen the amount of the lien as much as possible, the amount of stock which he would receive being dependant upon the degree of his success in obtaining bonds to surrender. The bonds were not money. They were the obligations of the Richmond Light, Heat & Power Company to pay money. Every one that was canceled decreased to that extent the burden imposed by the mortgage upon the property of the Richmond Light, Heat & Power Company, and thus proportionately enhanced the value of what the Electric Power Company acquired from Mr. Wiman. The provision for cancellation was intended to have this effect, and the receiver, if allowed to take the bonds from Mr. Wiman at all, could only take them subject to that provision, it is true, as contended by this appellant, that the liability of a subscriber on an unpaid stock subscription constitutes an assert which cannot be surrendered, without consideration, to the prejudice of creditors. But the cancellation here is not such a surrender. The *738 measure of the receiver’s ‘claim against Mr. Wiman, as a subscriber to the stock of the Electric'Power Company, is the agreement to give for that stock bonds of the Richmond Light, Heat & Power Company to be canceled; and neither the Electric Power Company nor any of its creditors have any cause of complaint because.that agreement is" carried out. in principle, the contract here seems to be very much like that under which a cancellation of railroad bonds was approved in the case of Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434, 473.
I think the judgment'appealed from should be affirmed.
All concur.