## GLOVER v. EHRLICH.

(Supreme Court, Appellate Term. February 15, 1909.)

1. CHATTEL MORTGAGES (§ 229*)—SALE OF CHATTELS BY MORTGAGOR—DISPOSAL OF PROCEEDS.

In an action by a chattel mortgagee for the conversion of the mortgaged chattels, a defense that.the mortgage was void, because the mortgagor was permitted to retain possession and to use and sell the chattels for its own benefit, is not made out where there is no proof that the mortgagee had any knowledge of the mortgagor's intention to sell the chattels, or of any agreement that the proceeds should be applied otherwise than to the mortgage debt.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 481; Dec. Dig. § 229.*]

2. CORPORATIONS (§ 477*)—CORPORATE MORTGAGE—VALIDITY—RIGHT TO ATTACK.

The validity of a corporate mortgage, because not consented to by two-thirds of the capital stock of the corporation in writing, or by vote at a special meeting of stockholders, as required by Stock Corporation Law (Laws 1892, p. 1824, c. 688) § 2, as amended by Laws 1901, p. 961, c. 354, cannot be attacked by a general creditor of the corporation; only the stockholders, for whose benefit the provision was intended, or persons representing them as receivers, being entitled to object.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1869; Dec. Dig. § 477.*]

3. APPEAL AND ERROR (§ 671*)—REVIEW—QUESTIONS CONSIDERED—QUESTIONS RAISED BY EVIDENCE.

Whether the purchaser of corporate property from the assignee.of the corporation for the benefit of creditors would acquire the right of such assignee, as the representative of the stockholders, to attack the validity

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a mortgage on the property, because not made as required by statute, will not be considered, where there was no evidence that the one attacking its validity purchased from the assignee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2870; Dec. Dig. § 671.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Mamie Glover against Jacob M. Ehrlich. From a judgment dismissing the complaint, plaintiff appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Merrill E. Gates, Jr., for appellant.
John T. Booth, for respondent.

GIEGERICH, J. The action is to recover damages for the conversion of certain pieces of machinery, included, among others, in a bill of sale which was intended to operate as a chattel mortgage, executed and delivered by the C. G. Glover Company, a domestic corporation, to the plaintiff, to secure the payment of a debt of $600 for money loaned, and evidenced by a promissory note made by said company to the plaintiff.

The answer, after denying all the allegations of the complaint except the incorporation of the said company, alleges as a separate defense in paragraphs 4 to 13, both inclusive, which will hereafter be referred to as the "first separate defense," that on or about November 13, 1907, the said company made an assignment for the benefit of its creditors; that on or about the 30th day of the same month the defendant became the purchaser of the machines in controversy at a public sale held by the assignee of such company; that on or about the date last mentioned the defendant sold and delivered the said machines to one Clare G. Glover, the husband of the plaintiff, who executed and delivered to the defendant a mortgage to secure the purchase price thereof, and which by the terms thereof became due and payable on or before January 10, 1908; that when due the plaintiff's husband made default in the payment of the sum so secured; that thereafter an action was brought in the Municipal Court of the city of New York, borough of Manhattan, Fifth district, to foreclose said chattel mortgage and the lien of the defendant upon the chattels, in which action the defendant was plaintiff and the plaintiff's husband was defendant; that a final judgment was entered in said Municipal Court action on the 16th day of April, 1908, in favor of the plaintiff therein, this defendant, and against the plaintiff's husband, "foreclosing this defendant's lien upon the said chattels, and upon said judgment an execution was duly issued, by virtue of which the said chattels were sold to satisfy the lien thereon of the defendant."

The answer further sets up separate defenses as follows: In paragraph 15, which will hereafter be referred to as the "second separate defense," it is alleged that the plaintiff, before the commencement of

this action and for a valuable consideration, waived and surrendered any and all claims, right, title, or interest which she had by virtue of the chattel mortgage, or to the chattels mentioned therein; in paragraph 16, which will hereafter be referred to as the "third separate defense," it is alleged that the plaintiff acquiesced in the sale of the chattels in suit by the assignee of the said company and of the sale of the same by the defendant to the plaintiff's husband; in paragraph 17, which will hereafter be referred to as the "fourth separate defense," it is alleged that the chattel mortgage was not executed in conformity with the statute in such case made and provided, and that it was consequently void and of no effect; and finally, in paragraph 18, which will hereafter be referred to as the "fifth separate defense," it is alleged that the mortgagor was permitted to retain the possession of, and to use and sell for its own use and benefit, the mortgaged chattels, or some part thereof, and that therefore the chattel mortgage in controversy was void.

The plaintiff proved that the mortgagor defaulted in the payment of the principal sum due, whereupon she became entitled to the immediate possession of said machinery, and that such machinery subsequently came into the possession of the defendant, who upon demand duly made upon him refused to return the same to the plaintiff.

At the close of the plaintiff's case the defendant moved for a dismissal of the complaint upon the ground that the plaintiff failed to make out a cause of action, particularly on the ground that the mortgage in suit had not been consented to by the holders of two-thirds of the capital stock, and that a certificate to that effect had not been filed as prescribed by section 2 of the stock corporation law. The trial justice reserved his decision upon this motion, and subsequently gave judgment in favor of the defendant, dismissing the complaint; and in so ruling I think he committed reversible error.

As to the fifth and last separate defense, the record is barren of any proof that the plaintiff had any knowledge of the mortgagor's intention to sell the machines, or that there was any agreement to apply the proceeds to other than the mortgage debt. In all the cases cited by the defendant on this point there was an agreement between the mortgagor and the mortgagee to apply the proceeds in fraud of creditors. In Hangen v. Hachemeister, 114 N. Y. 566, at page 573, 21 N. E. 1046, at page 1048, 5 L. R. A. 137, 11 Am. St. Rep. 691, the court said:

"It was the agreement that the mortgagor might sell the stock in trade and apply the proceeds to other purposes than the mortgage debt that vitiated the mortgage, and not the fact that such a sale had been made."

The case of Hardt v. Deutsch, 22 Misc. Rep. 66, 48 N. Y. Supp. 564, likewise cited by the defendant, is also distinguishable from the one at bar. In that case there was an agreement by the mortgagee to allow the proceeds of the sale to be applied for the benefit of the mortgagor and in fraud of creditors. There was no proof whatever adduced in support of the second and third separate defenses.

It appears that the chattel mortgage was filed in the proper office; but it was neither pleaded nor proved that it had been consented to

by the holders of two-thirds of the capital stock, nor that a certificate to that effect had been filed or recorded, as prescribed by section 2 of the stock corporation law (Laws 1892, p. 1824, c. 688), as amended by chapter 354, p. 961, of the Laws of 1901. This section, so far as applicable, provides:

"In addition to the powers conferred by the general corporation law, every stock corporation shall have the power to borrow money and contract debts, when necessary for the transaction of its business, or for the exercise of its corporate rights, privileges or franchises, or for any other lawful purpose of its incorporation,  *  *  *  and may mortgage its property and franchises to secure the payment of such obligations, or of any debt contracted for said purposes. Every such mortgage, except purchase money mortgages,  *  *  *  shall be consented to by the holders of not less than two-thirds of the capital stock of the corporation, which consent shall be given either in writing or by vote at a special meeting of the stockholders called for that purpose, upon the same notice as that required for the annual meetings of the corporation; and a certificate under the seal of the corporation that such consent was given by the stockholders in writing, or that it was given by vote at a meeting as aforesaid, shall be subscribed and acknowledged by the president or a vice president and by the secretary or an assistant secretary, of the corporation, and shall be filed and recorded in the office of the clerk or register of the county wherein the corporation has its principal place of business."

The plaintiff urges that the objection to the invalidity of the chattel mortgage is not available to the defendant, for the reason, among others, that the statutory provisions referred to are intended solely for the benefit of the stockholders and can only be invoked on their behalf. In Market & Fulton National Bank v. Jones, 7 Misc. Rep. 207, 27 N. Y. Supp. 677, it was held by Mr. Justice Adams that a judgment creditor could not attack a mortgage made by the corporation upon the ground that the stockholders had not consented to it, and in various other cases expressions are to be found to the effect that similar statutory provisions are intended for the benefit of the stockholders, and intimating that perhaps only stockholders can complain of an omission to comply with them. Greenpoint Sugar Company v. Whitin, 69 N. Y. 328; Paulding v. Chrome Steel Company, 94 N. Y. 334, 341; Black v. Ellis, 58 Misc. Rep. 391, 111 N. Y. Supp. 347. In Quee Drug Company v. Plaut, 51 App. Div. 607, 64 N. Y. Supp. 52, a mortgage given without the necessary consent was set aside at the suit of the corporation itself. In Vail v. Hamilton, 20 Hun, 355, affirmed 85 N. Y. 453, it was held that the objection was available to the receiver of a corporation, and again, in Lord v. Yonkers Fuel Gas Co., 99 N. Y. 547, 2 N. E. 909, the court allowed the same objection to be interposed, but whether by the corporation or its receiver is not clear from the report.

From the language used in a portion of the summary of the brief of the counsel for the appellant it would appear that the objection was being made by the receiver. It makes little difference either way, however, because the receiver represents stockholders as well as creditors, while the corporation itself, of course, represents stockholders. It is entirely consistent, therefore, to allow such an objection to be taken either by the stockholders individually, or by the corporation, or by the receiver, who represents all of the stockholders. In Beebe v. Richmond Power Co., 13 Misc. Rep. 737, 35 N. Y. Supp. 1, Mr. Justice

Gaynor, after reviewing the cases, expresses the opinion that the objection may be taken by any one interested in defeating the mortgage. The learned justice seems to rely upon Lord v. Yonkers Fuel Gas Co., supra, as establishing his proposition that the objection may be taken by any one interested in defeating the mortgage; but we do not so regard it. No distinction should be attempted to be drawn between stockholders and the corporation, or a receiver of the corporation, or an assignee for the benefit of creditors, or any one who represents the stockholders. The distinction to be drawn is between a general creditor on the one hand and, on the other hand, the stockholders, or the corporation, or a receiver or other officer who represents stockholders.

I conclude, therefore, that Mr. Justice Adams decided the point correctly in Market & Fulton Bank v. Jones, supra, where it was squarely presented. The observations of Mr. Justice Gaynor, above quoted, were in reality dicta, because he based his decision upon the ground that a resolution passed at a stockholders' meeting by the vote of stockholders owning more than two-thirds of the stock, entered upon the minutes and attested by the secretary, amounted to the written assent required. When the case was appealed (Beebe v. Richmond Power Co., 3 App. Div. 334, 38 N. Y. Supp. 395), the Appellate Division expressed no opinion as to whether any but stockholders or their representatives were entitled to raise the objection, but disposed of the appeal upon the grounds peculiar to the case, holding that no one before the court was in a position to raise the objection, because some of them were estopped for causes enumerated, while the corporation itself was precluded from complaining because it had absolutely parted with all interest in the mortgaged property and no benefit could possibly accrue to it by having the mortgage annulled.

The record contains some slight evidence that in the present case the corporation made an assignment for the benefit of creditors subsequent to the making of the mortgage, and the answer alleges that the defendant acquired title by purchasing at an auction sale of the property held by such assignee; but there is no evidence whatever in support of the allegation of an auction sale, or any of the other allegations of the first separate defense. If there had been evidence that the defendant acquired title as therein alleged, it may be the decision would have to go for the defendant, as being one who acquired title from the assignee, and with it acquired the right which an assignee, as a representative of stockholders, would have to challenge the validity of the plaintiff's mortgage; but until that question is brought before us on evidence we ought not to attempt to pass upon it. So far as the present record shows, the defendant is in no better position than a general creditor would be.

If it should appear upon the new trial that C. G. Grover, the plaintiff's husband, who was president of the corporation, and who as such executed the chattel mortgage in suit, was at the time the owner of more than two-thirds of the capital stock of the company, a question would be presented as to whether his signature, under the circumstances, did not constitute the written assent required by that statute. A question may also arise as to whether the defendant had a bona fide

interest in the transaction, or whether he merely acted for the plaintiff's husband, for the purpose of getting the property back into the ownership of the husband freed from her claim. There may also be other questions presented affecting the defendant's right to challenge the validity of the plaintiff's mortgage; but, until fuller evidence is furnished, none of such questions can or need be considered.

For the reasons stated the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

GILDERSLEEVE, P. J., and SEABURY, J., concur in the result.